Thomas J. Munley, Scranton, Pa., for Valery Strelchuk.

Thomas M. Blewitt, Federal Public Defender, Scranton, Pa., for Lyudmila Strelchuk.

**UNITED STATES of America**

**v.**

**Valery STRELCHUK, Defendant.**

**UNITED STATES of America**

**v.**

**Lyudmila STRELCHUK, Defendant.**

**Nos. CR 88–00008–01, CR 88–00008–02.**

United States District Court,
M.D. Pennsylvania.

April 4, 1988.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

The Defendants herein appeared before this Court on February 5, 1988 and enters pleas of guilty to Count I of an Information which charged them with violation of 18 U.S.C. § 1543, Forgery or False Use of Passport.

On March 4, 1988, this Court sentenced Lyudmila Strelchuk to two years of probation, a fine of $500.00 and an assessment of $50.00. On the same date, the Court sentenced Valery Strelchuk to a term of imprisonment of two years, with all but 2 months of that prison term suspended, two years of probation, restitution of $375.00, and an assessment of $50.00.

Thereafter, the Defendants filed motions with this Court, noting that the Defendants are "resident aliens" and subject to deportation when convicted of a crime of moral turpitude, and asking the Court to amend their sentences by adding a recommendation that the Defendants not be deported on the basis of the convictions in this Court.

Notice of the motion originally filed by Valery Strelchuk was given to the Government. On March 21, 1988, the Government filed its opposition and a hearing was held on March 23, 1988. The Defendant, Lyudmila Strelchuk, represented by counsel, has requested that her motion be considered on the identical record.

The Defendants were "paroled" into the United States under 8 U.S.C.A. 1182(b)(5) on November 8, 1979 at New York City. They had applied for classification as Conditional Entrants under 8 U.S.C. § 1153(a)(7) to the United States Immigration Office in Rome, Italy. That Section provided that conditional entries would be made available by the Attorney General as follows:

"To aliens who satisfy an Immigration and Naturalization Service Officer at an examination in any Communist or non-Communist dominated country (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist dominated country or area ... and (ii) are unable or unwilling to return to such country or area on account of race, religion or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made;"

That same Section provided that such a conditional immigrant could apply, after entry, to change his status to a permanent residence (i.e. immigrant) if he had been continuously, physically present in the United States for two years following his arrival. Neither Defendant has ever applied for such change, in spite of their presence in this country since 1979.

Because of their convictions, the Defendants, as parolees, are subject to exclusion from the United States under Sections 235(b) and 236 of the Immigration and Naturalization Act, 8 U.S.C. 1225(b) and 1226. At the same time, they are entitled to seek the benefit of a favorable court ruling under Section 241(b) of the Immigration and Naturalization Act, 8 U.S.C.A. § 1251(b) which provides in pertinent part as follows:

"The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply ... (2) if the court sentencing such alien for such crime shall make, at the time of first imposing judgment or passing sentence, or within thirty days thereafter, a recommendation to the Attorney General that such alien not be deported, due notice having been given prior to making such recommendation to representatives of the interested State, the Service, and prosecution authorities, who shall be granted an opportunity to make representations in the matter. The provisions of this subsection shall not apply in the case of any alien who is charged with being deportable from the United States under subsection (a)(11) of this section."

Both parties in this matter agree that the thirty-day time limitation for such a recommendation to be effective is jurisdictional, and any recommendation made thereafter is of no effect. *Velez–Lozano v. Immigration and Naturalization Service*, 463 F.2d 1305 (D.C.Cir.1972). They also agree that such a recommendation, if made by the Court, is binding on the Attorney General and leaves him without any discretion as to whether or not he will consider the underlying conviction if exclusion is contemplated.

In pressing their requests for the recommendation, the Defendants argue that they are before this Court on first-time felony convictions (Mr. Strelchuk has had prior driving under the influence problems); that they have been residents of the United States since 1979; that they are the parents of two children, ages 17 and 7; that they have little in the way of financial resources; that they have recently started a business with some potential for growth; and finally, that deportation would cause significant hardship to them and to their family.

The Government, on the other hand, argues against granting of a recommendation by this Court, asserting that a non-grant of this relief would leave the issues of excludability to the Attorney General, who is designated by Congress to consider these matters. They argue strongly that such a recommendation would utterly tie the hands of the Attorney General or his proper designee and would remove from them the discretion to make an appropriate determination in this case. The Government further argues that because of the number of matters similar to this handled through the Immigration and Naturalization Ser-

vice, that they have developed a "specialized expertise" in these matters, and would use that expertise in determining whether to seek exclusion, and if so, upon what basis.

We realize that exclusion in a case like this would seem to be an added penalty for the offenses for which this court has already passed judgment of sentence, and that additional punishments are usually inappropriate under our form of criminal jurisprudence. However, we deal here with an unusual case, where we not only have Defendants who are subject to the laws of this country, but we have Defendants who are only in this country by virtue of the grant of parole by the Immigration and Naturalization Service and have never become full citizens. That result is at least partly due to their own delinquency and/or their own determination not to seek full citizenship. We realize, too, that Defendants make an argument that they were without funds to hire the necessary persons to assist them in acquiring citizenship, but this argument carries little weight since they would have been able to do so, as have thousands of others in this country, by seeking aid which would have been given without cost to them or by taking some action on their own to advance their status toward full citizenship.

In addition, this Court is impressed by the argument that the determination on exclusion should be made in a way that includes factors in addition to what appeared to this Court at the time of sentencing and at the time of hearing on this motion. We accede, indeed, to the argument that those who handle these matters on a daily basis acquire more expertise and are more aware of past precedents and issues which have an important bearing on the issue of determining who will or will not be excluded from citizenship in this country.

Under all of the circumstances of this case it is our conclusion that this Court should not bind the hands of the Attorney General's designated authorities in making determinations on any action of exclusion toward the Defendants herein. As a re-

sult, we will deny the motions for any recommendations under the Immigration and Naturalization Act as sought by the Defendants in this case.